IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LYNDAL D. RITTERBUSH,<br><br>    Petitioner,<br><br>v.<br><br>LARRY BENZON,<br><br>    Respondent. | **MEMORANDUM DECISION & ORDER GRANTING MOTION TO DISMISS HABEAS-CORPUS PETITION**<br><br>Case No. 2:17-CV-913-RJS<br><br>District Judge Robert J. Shelby |

  Petitioner, Lyndal D. Ritterbush, petitions for habeas corpus relief. *See* 28 U.S.C.S. § 2254 (2019). The Court grants Respondent's motion to dismiss the petition as untimely.

  Because Petitioner's conviction became final before Congress passed the Antiterrorism and Effective Death Penalty Act of 1996, Petitioner had to file his federal habeas petition within one year of April 24, 1996, adding any time tolled by statute or equitable grounds. *See id.* § 2244(d); *Gibson v. Klinger*, 232 F.3d 799, 803, 808 (10th Cir. 2000). By statute, the one-year period of limitation is tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 *id.* § 2244(d)(2).

  Meanwhile, equitable tolling is available "'in rare and exceptional circumstances.'" *Gibson*, 232 F.3d at 808 (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Those circumstances include situations "when a prisoner is actually innocent" or "when an adversary's conduct--or other uncontrollable circumstances--prevents a prisoner from timely filing, or when

a prisoner actively pursues judicial remedies but files a defective pleading during the statutory period." *Id.*

The chronology of Petitioner's litigation shows the untimeliness of his petition. On April 24, 1996, the clock began running on Petitioner's right to bring a federal habeas petition. Because he filed no direct appeals or state post-conviction applications within the next year, Petitioner's time to file in federal court ran out on April 24, 1997. Petitioner later filed a motion for post-conviction-relief on June 28, 2017. However, this motion, which was denied, was not filed in time to toll the federal period of limitation. After all, "a state court petition . . . that is filed following the expiration of the federal limitations period 'cannot toll that period because there is no period remaining to be tolled.'" *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (quoting *Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000)); *see also Fisher v. Gibson*, 262 F.3d 1135, 1142-43 (10th Cir. 2001). So, statutory tolling does not apply here.

Though Petitioner's habeas deadline in this Court was April 24, 1997, he did not file his petition until over twenty years later, on August 11, 2017. Nonetheless, Petitioner possibly asserts grounds for equitable tolling. He states that he was not aware of his rights and did not have legal resources he needed to pursue his claims.

But Petitioner has generally "failed to elaborate on how [his] circumstances" affected his ability to bring his petition earlier. *Johnson v. Jones*, No. 08-6024, 2008 U.S. App. LEXIS 8639, at *5 (10th Cir. April 21, 2008). For instance, he has not identified how, between April 24, 1996 and August 11, 2017, he was continually and thoroughly thwarted by uncontrollable circumstances from filing. Nor has he detailed who and what would not allow him to file some kind of petition. He also does not hint how extraordinary circumstances eased to allow him to

file this habeas-corpus petition on August 11, 2017. Such vagueness is fatal to his contention that extraordinary circumstances kept him from a timely filing.

Still, Petitioner asserts that his lateness should be overlooked because he lacked legal resources, legal knowledge, and had only limited help and misinformation from prison contract attorneys. However, the argument that a prisoner "had inadequate law library facilities" does not support equitable tolling. *McCarley v. Ward*, Nos. 04-7114, 04-7134, 2005 U.S. App. LEXIS 14335, at *3-4 (10th Cir. July 15, 2005); *see also Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998) ("It is not enough to say that the . . . facility lacked all relevant statutes and case law or that the procedure to request specific materials was inadequate."). Further, it is well settled that "'ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.'" *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (citation omitted). Finally, simply put, "'[t]here is no constitutional right to an attorney in state post-conviction proceedings. Consequently, a petitioner cannot claim constitutionally ineffective assistance of counsel in such proceedings.'" *Thomas v. Gibson*, 218 F.3d 1213, 1222 (10th Cir. 2000) (quoting *Coleman v. Thompson*, 501 U.S. 722, 752 (1991) (citations omitted)); *see also* 28 U.S.C.S. § 2254(i) (2017) ("The ineffectiveness or incompetence of counsel during Federal or State collateral post-conviction proceedings shall not be a ground for relief in a proceeding arising under section 2254."). It follows that Petitioner's contention that the prison contract attorneys' misinformation and lack of help thwarted his habeas filings does not toll the period of limitation. *See Steed v. Head*, 219 F.3d 1298, 1300 (11th Cir. 2000) ("An attorney's miscalculation of the limitations period or mistake is not a basis for equitable tolling.").

Petitioner has not met his burden of showing that--during the running of the federal period of limitation and decades beyond--he faced extraordinary circumstances that stopped him from timely filing or took specific steps to "'diligently pursue his federal claims.'" *Id.* at 930. Petitioner thus has not established a basis for equitable tolling.

IT IS THEREFORE ORDERED that, because this petition is untimely, Respondent's motion to dismiss is GRANTED. (*See* Docket Entry # 21.) This action is CLOSED.

DATED this 2nd day of May, 2019.

BY THE COURT:

CHIEF JUDGE ROBERT J. SHELBY
United States District Judge